■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE SMITH, Appellant.— Judgment insofar as it imposed sentence unanimously reversed, on the law, and case remitted to Supreme Court, New York County, for a hearing in accordance with this memorandum, and judgment otherwise affirmed. Defendant appeals from a judgment rendered April 14, 1969, con-

victing him of attempted robbery in the third degree, upon a plea of guilty, and sentencing him to an indeterminate term not to exceed four years. Immediately after sentence was imposed defendant declared, "Your Honor, I would like to take my plea back. I was promised. I would like to take my plea back." Thereby, the defendant was suggesting to the court that his sentence was in violation of some previous agreement and the court, in the interests of justice, should have conducted an inquiry to determine whether there was in fact a sentence promise and the circumstances concerning the same, if made. The District Attorney does not oppose a remand for a hearing. If, upon a hearing it becomes apparent to the court that a promise was indeed made, the relief to which defendant would be entitled is not necessarily withdrawal of his plea with the option to either stand trial or plead anew, but, in a proper case, merely the fulfillment of the promise. (See *People* v. *Keehner,* 28 A D 2d 695, affd. 25 N Y 2d 884; *People* v. *Chadwick,* 33 A D 2d 687.) Concur — Stevens, P. J., Eager, McGivern and Nunez, JJ.